BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-6269
     E-mail:    samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>YEVGENI GERSHMAN, et al.,<br><br>            Defendant. | No. 2:25-cr-00595-MCS-2,3,5,6,7,8<br><br>PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND CONFIDENTIAL INFORMANT INFORMATION |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information and Confidential Informant Information, filed by the government and defendants Evgeni Tourevski, Allan Austria, Arthur Kats, Gilbert Arenas, Ievgen Krachun, and Valentina Cojocari in this matter on September 2, 2025, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

     1.   The government's discovery in this case relates to

defendants' alleged crimes, including:

  a. Defendant Tourevski is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business. Defendant Tourevski is released on bond pending trial.

  b. Defendant Austria is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business. Defendant Austria is released on bond pending trial.

  c. Defendant Kats is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business. Defendant Kats is released on bond pending trial.

  d. Defendant Arenas is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business; 18 U.S.C. § 1955: Operation of an Illegal Gambling Business; and 18 U.S.C. § 1001(a)(2): Making False Statements. Defendant Arenas is released on bond pending trial.

  e. Defendant Krachun is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Operate an Illegal Gambling Business and 18 U.S.C. § 1955: Operation of an Illegal Gambling Business. Defendant Krachun is released on bond pending trial.

  f. Defendant Cojocari is charged in this matter with violations of 18 U.S.C. § 371: Conspiracy to Engage in Marriage

Fraud; 8 U.S.C. § 1325(c): Marriage Fraud; and 18 U.S.C. § 1546(a): False Statements in Visas, Permits, and Other Immigration Documents. Defendant Cojocari is released on bond pending trial.

2. A protective order for the discovery is necessary so that the government can produce to the defense materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses, the Court finds that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3. A protective order for the discovery is also necessary so that the government can produce to the defense materials containing third parties' PII. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive

3

1 a set of discovery that would be highly confusing and difficult to
2 understand, and it would be challenging for defense counsel to
3 adequately evaluate the case, provide advice to defendant, or
4 prepare for trial.
5	4.	The purpose of this Protective Order is therefore to
6 (a) allow the government to comply with its discovery obligations
7 while protecting this sensitive information from unauthorized
8 dissemination, and (b) provide the defense with sufficient
9 information to adequately represent defendant.
10	5.	Accordingly, the discovery that the government will
11 provide to defense counsel in the above-captioned case will be
12 subject to this Protective Order, as follows:
13		a.	As used herein, "CI Materials" includes any
14 information relating to a confidential informant's or cooperating
15 witness's prior history of cooperation with law enforcement, prior
16 criminal history, statements, or any other information that could be
17 used to identify a confidential informant or cooperating witness,
18 such as a name, image, address, date of birth, or unique personal
19 identification number, such as a Social Security number, driver's
20 license number, account number, or telephone number.
21		b.	As used herein, "PII Materials" includes any
22 information that can be used to identify a person, including a name,
23 address, date of birth, Social Security number, driver's license
24 number, telephone number, account number, email address, or personal
25 identification number.
26		c.	"Confidential Information" refers to any document or
27 information containing: CI Materials or PII Materials that the
28

government produces to the defense pursuant to this Protective Order and any copies thereof.

d. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

e. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

f. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed.

g. Defendant and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

       h.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

       i.    Notwithstanding the above, defendant may see and review CI Materials only in the presence of defense counsel, and defense counsel shall ensure that defendant is never left alone with any CI Materials. At the conclusion of any meeting with defendant at which defendant is permitted to view CI Materials, defendant must return any CI Materials to defense counsel, who shall take all such materials with counsel. Defendant may not take any CI Materials out of the room in which defendant is meeting with defense counsel. If defense counsel wishes to enable defendant to review CI Materials in the presence of any person on the Defense Team other than defense counsel, defense counsel shall submit a letter to government counsel of record identifying that person (the "designated person"). Alternatively, defense counsel may maintain a list of Defense Team members with the USAO and will be notified if such individuals are preapproved to serve as designated persons. No CI Materials may be shown to a defendant by a designated person until that person is approved by the government. At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

       j.    Defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Material. At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team

6

present shall take all such materials with him or her.  Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

        k.  Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or record any data or information contained in the Confidential Information.

        l.  The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  Defense counsel or a designated person, as defined above, must be present whenever any CI Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

        m.  The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not

1 permitting Confidential Information to be outside the Defense Team's
2 offices, homes, vehicles, or personal presence.  Non-password-
3 protected or paper copies of CI Materials shall not be left
4 unattended in any vehicle.
5       n.   To the extent that defendant, the Defense Team,
6 witnesses, or potential witnesses create notes that contain, in
7 whole or in part, Confidential Information, or to the extent that
8 copies are made for authorized use by members of the Defense Team,
9 such notes, copies, or reproductions become Confidential Information
10 subject to the Protective Order and must be handled in accordance
11 with the terms of the Protective Order.
12       o.   The Defense Team shall use Confidential Information
13 only for the litigation of this matter and for no other purpose.
14 Litigation of this matter includes any appeal filed by defendant and
15 any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the
16 event that a party needs to file Confidential Information with the
17 Court or divulge the contents of Confidential Information in court
18 filings, the filing should be made under seal.  If the Court rejects
19 the request to file such information under seal, the party seeking
20 to file such information publicly shall provide advance written
21 notice to the other party to afford such party an opportunity to
22 object or otherwise respond to such intention.  If the other party
23 does not object to the proposed filing, the party seeking to file
24 such information shall redact any: CI Materials or PII Materials and
25 make all reasonable attempts to limit the divulging of: CI Materials
26 or PII Materials.
27       p.   Any Confidential Information inadvertently produced
28 in the course of discovery prior to entry of the Protective Order

shall be subject to the terms of this Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

q.   If any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of this Protective Order.

r.   Confidential Information shall not be used by any member of the defense team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.

s.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order.

t.  Defense counsel shall advise defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

September 10, 2025
DATE

HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

 /s/
SAMUEL J. DIAZ
Assistant United States Attorney